UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL AARON COHN,
Individually and as Trustee for the
Michael Aaron Cohn Revocable
Trust,

    Plaintiff,

v.                                                  Case No.: 2:24-cv-842-SPC-KCD

FIRST PROTECTIVE
INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

    Before the Court are Defendant's Motion to Dismiss (Doc. 17) and Plaintiff's Response (Doc. 21). For the below reasons, the Court grants the motion and dismisses this action as unripe.

    This is a flood insurance case. Plaintiff sues Defendant for breach of contract and alleges that Defendant repudiated its obligations under the flood policy and failed to pay Plaintiff's valid claim under the policy. (Doc. 1 ¶¶ 23, 27). In response, Defendant moves to dismiss under Rule 12(b)(1). Defendant argues that because it has not yet issued a written denial, Plaintiff's claim is unripe, and the Court lacks subject-matter jurisdiction over this action. (Doc. 17).

Defendant issued a National Flood Insurance Program Standard Flood Insurance Policy (SFIP) to Plaintiff.  Regarding when a policyholder may sue, the SFIP provides:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. **If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim**. . . . This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

SFIP, art. VII(O) (emphasis added).  Courts have held that an insured must strictly comply with the SFIP terms.  *See Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003) ("We agree with our sister circuits and conclude that the insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government.").  And, at bottom, a suit alleging a breach of the SFIP is not ripe until the insurer issues a written denial.  *See Burkhalter v. Hartford Underwriters Ins. Co.*, No. 17-CV-01086-BAJ-SDJ, 2021 WL 3121209, at *5 (M.D. La. July 22, 2021).

Defendant provides a declaration from a Claims Litigation Manager stating that Defendant did not issue a written denial to Plaintiff before he filed suit.  (Doc. 17-1 ¶ 7).  The Court may consider the declaration at this stage to resolve Defendant's factual attack on subject-matter jurisdiction and the ripeness of the claim.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.

1990) ("Factual attacks . . . challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.") (cleaned up).

Plaintiff offers no evidence to rebut Defendant's declaration, instead relying on his allegations in the complaint. Nor does Plaintiff offer any legal authority supporting his argument that his claim is ripe. He points to only a single flood case. And that case involved post-suit developments regarding a policyholder's failure to notify the insured of a loss, not a missing written denial. *See Louisiana Sports & Fitness Ctr. No. 2, Inc. v. Allied World Ins*. Co., No. CV 23-1701-SDD-EWD, 2024 WL 4757770, at *4 (M.D. La. Nov. 12, 2024). Given Defendant's unrebutted declaration and lack of any countervailing authority from Plaintiff, the Court finds that Defendant has not issued a written denial and it must dismiss this action as unripe.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 17) is **GRANTED** and this action is **DISMISSED without prejudice** as unripe.

2. Defendant's Motion for Leave to Reply (Doc. 22) is **DENIED as moot.**

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 23, 2024.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record